**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4233**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

VICTOR LOPEZ ESCAMILLA, a/k/a Mango Chupado, a/k/a Ventura,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:11-cr-00303-WDQ-1)

_____

Submitted:  January 18, 2013      Decided:  February 12, 2013

_____

Before NIEMEYER, GREGORY, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

A. D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Tamera L. Fine, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Lopez Escamilla was sentenced to ninety-seven months' imprisonment after being found guilty by a jury of one count of fraud in connection with identification documents, in violation of 18 U.S.C. § 1028(a)(2), (c)(1) (2006), one count of social security number fraud, in violation of 42 U.S.C. § 408(a)(7)(C) (2006), and one count of fraud and misuse of immigration documents and aiding and abetting, in violation of 18 U.S.C. §§ 1546, 2 (2006). He now appeals, challenging his sentence, contending that the district court erred in computing his total offense level under the sentencing guidelines. Finding no error, we affirm.

In determining whether the district court has properly applied the Guidelines, this Court reviews its interpretation of the Guidelines de novo and its factual findings for clear error. United States v. Quinn, 359 F.3d 666, 679 (4th Cir. 2004). Accordingly, the meaning of "loss" under the Guidelines is reviewed de novo, while the amount of loss is reviewed for clear error. See United States v. Wells, 163 F.3d 889, 900 (4th Cir. 1998).

Escamilla first challenges the district court's application of a ten-level adjustment for loss. U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(1) (2011) provides for a ten-level increase where the loss from the offense was between

2

$120,000 and $200,000. Loss can be measured by actual or intended loss, or in limited circumstances, by gain. USSG § 2B1.1 cmt. n.3(A), (B). Application Note 3(B) of § 2B1.1 provides: "The court shall use the gain that resulted from the offense as an alternative measure of loss only if there is a loss but it reasonably cannot be determined." Application Note 3(C) of § 2B1.1 provides that the court need only make a reasonable estimate of the loss, based on the available information. It notes: "The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." USSG § 2B1.1 cmt. n.3(C).

Escamilla contends that because the Government offered no proof of actual economic loss, there is no loss, and therefore that gain cannot properly be used as an alternative measure. We reject this contention. Immigration document fraud causes actual economic loss, to the persons whose information is used on the documents, to employers who mistakenly rely on the counterfeit documents, and to the United States in protecting its borders and citizens. While these losses may be difficult to measure, that they do not exist simply does not follow. Accordingly, the district court appropriately used gains as an alternative measure to loss.

We also find no clear error with the district court's loss calculation. The district court reasonably estimated the amount of loss, based on the available information. Accordingly, the district court properly applied the ten-level loss adjustment.

Escamilla next challenges the district court's application of a six-level adjustment for an offense involving 250 or more victims. USSG § 2B1.1(b)(2) provides: "If the offense . . . involved 250 or more victims, increase by 6 levels." Application Note 1 of § 2B1.1 provides that a "victim" means any person who has suffered actual loss or sustained bodily injury as a result of the offense. However, Application Note 4(E) of § 2B1.1 provides that, in cases involving means of identification, "victim" can also mean "any individual whose means of identification was used unlawfully or without authority."

Escamilla contends first that there were no victims to his offenses, and alternatively, that the district court relied on an improper methodology in determining the number of victims. First, Escamilla contends that, even though the fraudulent identification documents he manufactured and sold used real information from various individuals without their permission, none of those individuals are victims because they did not

4

suffer actual economic loss.  In light of Application Note 4(E), this contention fails.

Escamilla also challenges the district court's methodology for determining the number of victims.  We find no clear error in the district court's calculation of over 250 victims.  The district court reasonably relied on the available evidence to make this factual determination.  The district court therefore properly applied the six-level, victim-number adjustment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED